IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**YOLANDA SOLIS,**

      **Plaintiff,**

v.

**M&T BANK,**

      **Defendant.**

Case No. 16-2563-DDC-GLR

## MEMORANDUM AND ORDER

This matter comes before the court on defendant M&T Bank's Motion to Dismiss (Doc. 6). Defendant seeks to dismiss plaintiff Yolanda Solis' pro se Complaint for Damages, Declaratory Relief, and Injunctive Relief ("Complaint") (Doc. 8-2). For reasons explained below, the court grants defendant's Motion and dismisses plaintiff's Complaint.

**I.**     **Background**

Plaintiff filed her Complaint[1] in the District Court of Wyandotte Court, Kansas, on June 24, 2016. Doc. 8-2. Defendant removed the case to our court on August 12, 2016. Doc. 1. Plaintiff asserts three causes of action: (1) breach of implied covenant of good faith and fair dealing, (2) wrongful foreclosure, and (3) quiet title. Doc. 8-2. Plaintiff seeks damages and declaratory and injunctive relief. *Id.*

Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) and 12(b)(6) on August 19, 2016. Doc. 6. Defendant's motion asserts that when plaintiff served her Complaint, she did not serve defendant with a summons. Doc. 7. Because the court dismisses plaintiff's Complaint on 12(b)(5) grounds, it does not address defendant's 12(b)(6) arguments.

---

[1] Under Kansas law, documents initiating lawsuits are called petitions. Kan. Stat. Ann. § 60-203. But, plaintiff refers to the petition she filed in state court as a Complaint. The court will use this term in its order.

**II.     Procedural Standards**

Because plaintiff filed her Complaint pro se, the court construes her filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not adopt the role of advocate for the pro se plaintiff. *See Hall*, 935 F.2d at 1110 (noting that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant"). Plaintiff's pro se status also does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that pro se parties "follow the same rules of procedure that govern other litigants")).

Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specific in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect. This rule also provides, "[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b).

Here, plaintiff has not responded to defendant's Motion to Dismiss filed on August 19, 2016, within the time stipulated by D. Kan. Rule 6.1(d). The court thus considers defendant's Motion to Dismiss as an uncontested motion. And, under D. Kan. Rule 7.4(b), the court could grant the motion without further notice. For this reason and the reason explained below, the court grants defendant's Motion to Dismiss.

### III.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(5)

Because plaintiff filed this case in Kansas state court, the court looks to Kansas law to determine if she perfected service. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (noting that "federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal"). Kan. Stat. Ann. § 60-304(e) governs service of process on corporations. It provides that plaintiffs can serve corporations, whether foreign or domestic, by:

> (1) Serving an officer, manager, partner or a resident, managing or general agent;
>
> (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or
>
> (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
>
> Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business.

*Id.* Kansas law also requires that "a summons must be served with a copy of the petition." Kan. Stat. Ann. § 60-301.

Kansas law requires substantial compliance with the service of process requirements. Kan. Stat. Ann. § 60-204. The governing statute provides:

> Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property.

*Id.* The Kansas Supreme Court has defined "substantial compliance" as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Fisher v. Decarvalho*, 314 P.3d 214, 219 (Kan. 2013) (citation and internal quotation marks omitted).

3

And, in Kansas, failing to serve a defendant with a summons does not constitute substantial compliance with service of process requirements under Kansas law. *Cook v. Cook*, 83 P.3d 1243, 1246–47 (Kan. Ct. App. 2003) (noting that the "actual knowledge of the pendency and the nature of an action is not a substitute for service"). *See also State v. Skinner*, 987 P.2d 1096, 1099 (Kan. 1999) (noting "the fact that a party has actual knowledge of the pendency and the nature of an action against him or her is not a substitute for service"); *Burnham v. Humphrey Hosp. Reit Trust, Inc.*, 403 F.3d 709, 716 (10th Cir. 2005) (applying Kansas law and concluding, "if the attempted service did not include a summons, service is 'not merely irregular or defective but [is] a nullity'").

Here, plaintiff failed to include a summons with the copy of her Complaint served on defendant. Doc. 7. To meet the state's "substantial compliance" standard, Kansas courts require a summons. Plaintiff has not met that standard. Her failure to serve process on defendant means that service was defective, and defendant's actual notice of plaintiff's Complaint does not change that conclusion. The court thus grants defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion to Dismiss (Doc. 6) is granted.

**IT IS SO ORDERED.**

**Dated this 22nd day of November, 2016, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**